UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| QUEST TURF, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1674-RLY-JMS |
| | ) | |
| FIELDTURF USA, INC., FIELDTURF | ) | |
| TARKETT, and DOES 1–10, | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS'
MOTION FOR ORAL ARGUMENT**

This matter is before the court on the motion to remand filed by Plaintiff, Quest Turf, LLC ("Plaintiff" or "Quest"), and the motion for oral argument filed by Defendants, Fieldturf USA, Inc., Fieldturf Tarkett, and Does 1–10 ("Defendants" or "Fieldturf"). For the following reasons, the court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendants' motion for oral argument.

**I.      Introduction**

The parties in the present case are also parties in a related action in this court in front of Judge Young, case number 1:07-cv-1485-RLY-JMS ("companion case"). In the companion case, Quest, as defendant in that case, filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. The court granted that motion finding that venue was only proper in Delaware County, Indiana. The present motion is styled as a motion to remand because Quest, as Plaintiff in this case, originally filed its

1

action in Delaware Circuit Court, in Delaware County, Indiana, and Fieldturf removed the case to this court.

The arguments of the parties addressing the motion to dismiss in the companion case are nearly identical to the arguments now in front of the court. However, the present motion presents two arguments not expressly addressed in the court's Entry in the companion case. The court discusses those arguments below.

## II.     Factual Background

The center of the dispute in this case is the parties' Installation Agreement, which was signed on November 22, 2006. (Installation Agreement, Ex. E to Settlement Agreement attached as Ex. 1 to Quest's Reply). The Installation Agreement was part of a larger agreement, the Settlement Agreement, entered into between the parties. (*See* Settlement Agreement at ¶ 10) ("This Settlement Agreement and its Exhibits embody the entire understanding and agreement of the Parties. See Exhibits A, B, C, D, E [the Installation Agreement], & F."). The Settlement Agreement was also signed on November 22, 2006. (Settlement Agreement at 1). The Settlement Agreement contains the disputed forum selection clause, which states:

> The parties acknowledge that for the purpose of enforcing the terms of this Settlement Agreement venue shall be in Delaware County Indiana.

(Settlement Agreement at ¶ 7). In addition, the Settlement Agreement provides:

> *Subject to the terms herein*, the Parties enter a mutually satisfactory written Turf Installation Contract while is incorporated hereinto by reference. Exhibit E.

(Settlement Agreement at ¶ 6) (emphasis added).

**III.    Discussion**

    **A.    Applicability of the Forum Selection Clause**

While Fieldturf did not dispute the applicability of the forum selection clause in its previous briefing, Fieldturf now argues that the clause does not apply to the parties' Installation Agreement at issue in both cases.  Specifically, Fieldturf argues that although the Settlement Agreement incorporated the Installation Agreement, the Installation Agreement did not incorporate the Settlement Agreement; thus the forum selection clause in the Settlement Agreement does not apply to the present dispute regarding the Installation Agreement.

"[W]ritings executed at the same time and relating to the same transaction or subject matter will be construed together in determining the intent underlying the contracts."  *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1138 (Ind. Ct. App. 2002).  "Where a written contract refers to another instrument and makes the terms and conditions of such other instrument a part of it, the two will be construed together as the agreement of the parties."  *I.C.C. Protective Coatings, Inc. v. A.E. Staley Mfg. Co.*, 695 N.E.2d 1030, 1036 (Ind. Ct. App. 1998).

In the present case, the Installation Agreement and Settlement Agreement were signed on the same day.  The plain language of the Settlement Agreement expressly incorporates the Installation Agreement and states that the Installation Agreement is subject to the terms of the Settlement Agreement.  The Settlement Agreement also states,

specifically, that the exhibits to the Settlement Agreement, which include the Installation Agreement, and the Settlement Agreement itself make up the entire agreement of the parties. This language demonstrates the clear intent of the parties to construe the Installation Agreement together with the Settlement Agreement. The forum selection clause set forth in the Settlement Agreement therefore applies to the Installation Agreement and, thus, the present dispute.

### B.     Waiver of the Right of Removal

Fieldturf also argues that the forum selection clause does not prohibit the removal of this case to the Southern District of Indiana because the language does not evidence a clear and unequivocal waiver of Fieldturf's right of removal. The court's Entry on Quest's motion to dismiss in the companion case, 1:07-cv-1485-RLY-JMS, contains a detailed discussion on the interpretation of the forum selection clause. The court adopts its reasoning in that Entry to conclude that the forum selection clause at issue is mandatory and acts to waive Fieldturf's right of removal.

For these reasons, the court finds that remand is proper and grants Plaintiff's motion.

### IV.    Motion for Oral Argument

Defendants move for oral argument on the forum selection clause at issue in this case and the companion case. However, the court finds that the parties' briefs have aptly apprised the court of the relevant issues and their arguments supporting and opposing the pending motions. Oral argument is therefore unnecessary. Defendants' motion for oral

4

argument is denied.

## V.     Conclusion

For the foregoing reasons, Plaintiff's motion to remand (Docket # 14) is

**GRANTED**.  Defendants' motion for oral argument (Docket # 19) is **DENIED**.


**SO ORDERED** this 7th day of April 2008.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana


Electronic copies to:

Michael A. Beason
CHRISTOPHER & TAYLOR
michaelab@iquest.net

Byron Joseph Davis
Attorney at Law
bjosephdavis@comcast.net